**14-614**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

DEC 1 1 2014

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | CRIMINAL NO. |
| v. | § § | SEALED |
| | § § | 18 U.S.C. § 1343 |
| KENNETH A. HOANG, | § § | |
| Defendant. | § § | |

**Sealed**
Public and unofficial staff access
to this instrument are
prohibited by court order.

**INDICTMENT**

THE GRAND JURY CHARGES:

At all times material to this Indictment:

**COUNTS ONE - SIX**
(Wire Fraud)

A.    INTRODUCTION

1.    Defendant **KENNETH A. HOANG** was an employee of TurboCare, Inc. ("TurboCare"), a subsidiary of Siemens AG.   TurboCare issued defendant **HOANG** a credit card issued by American Express Company ("AMEX") to use only for business purposes.

2.    On or about August 20, 2012, defendant **HOANG** was fired by TurboCare for insubordination and absenteeism.   However, TurboCare failed to retrieve or cancel the AMEX card.

3.    Starting on or about July 10, 2013, defendant **HOANG** used the TurboCare AMEX card to go on a month-long spending spree and ran up over $330,000 of charges before TurboCare discovered the fraud and cut off the card.   Defendant **HOANG** spent a large portion of the $330,000 to purchase firearms.

1

B.    THE SCHEME TO DEFRAUD

4.    From in or about July 10, 2013, through in or about August 7, 2013, in the Houston Division of the Southern District of Texas, and elsewhere, the defendant,

**KENNETH A. HOANG,**

did knowingly devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of material false and fraudulent pretenses, representations and promises.

C.    THE MANNER AND MEANS OF THE SCHEME

5.    It was a part of the scheme that defendant **HOANG** would and did use an AMEX credit card belonging to TurboCare to purchase merchandise, including numerous firearms.

6.    It was a further part of the scheme that defendant **HOANG** would and did mislead merchants into believing he was authorized to use the credit card to make the purchases when, in fact, he was not authorized.

D.    THE EXECUTION OF THE SCHEME

7.    On or about the dates set forth below, for the purpose of executing the aforementioned scheme to defraud and intending to do so, the defendant did transmit and cause to be transmitted in interstate and foreign commerce writings, signals and sounds, that is, the defendant used an AMEX credit card to make purchases in the following amounts which caused an electronic signal to travel across state lines from the merchants listed below in the Southern District of Texas to an AMEX computer in Arizona:

| Count | Date | Amount | Merchant |
| --- | --- | --- | --- |
| 1 | 7/21/13 | $2,078.51 | Tactical Firearms, Katy, Texas |
| 2 | 7/24/13 | $2,002.58 | Athena Gun Club, Houston, Texas |

| 3 | 7/26/13 | $3,828.83 | Tactical Firearms, Katy, Texas |
| 4 | 7/26/13 | $3,896.39 | Tactical Firearms, Katy, Texas |
| 5 | 7/29/13 | $7,403.95 | Carters Country, Houston, Texas |
| 6 | 7/31/13 | $4,198.44 | Athena Gun Club, Houston, Texas |

In violation of Title 18, United States Code, Section 1343.

## NOTICE OF FORFEITURE
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

Pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)(C), the United States gives notice to the defendant,

## KENNETH A. HOANG,

that in the event of conviction for wire fraud, in violation of Title 18, United States Code, Section 1343, as charged in Counts 1-6, all property which constitutes or is derived from proceeds traceable to such violations shall be forfeited to the United States.

The property subject to forfeiture includes, but is not limited to, the following property:

i.      HK .45 caliber handgun, s/n 216-006598
ii.     HK 7.62 mm rifle, s/n 242-300520
iii.    Noveske 5.56 mm rifle, s/n N08576
iv.     Noveske 5.56 mm rifle, s/n N08695
v.      Christensen Arms 5.56 mm rifle, s/n CA01904
vi.     Noveske 5.56 mm rifle, s/n N08580
vii.    Glock G21 .45 ACP, s/n VAM732
viii.   Glock G17 9mm, s/n VEC859
ix.     Glock G19 9mm, s/n VET968
x.      Colt Carbine, 5.56 rifle, s/n LP002090
xi.     JP Enterprises .308 rifle, s/n LRN13011190
xii.    Kimber Raptor II .45 ACP, s/n K425424
xiii.   Sig Sauer 238 .380 caliber, s/n 27A207432
xiv.    Kimber Raptor II .45 ACP, s/n K428102
xv.     Para Ordinance 1911 .45 caliber, s/n K013166
xvi.    HK USP tactical .45 caliber, s/n 25-138127
xvii.   Sig Sauer P220 .45 caliber, s/n G527134

## MONEY JUDGMENT

Defendant is notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture, which amount is estimated to be, but is not limited to, approximately $330,000 in United States dollars.

## SUBSTITUTE ASSETS

In the event that the property subject to forfeiture as a result of any act or omission of the defendant:

   a.    cannot be located upon exercise of due diligence;

   b.    has been transferred or sold to, or deposited with, a third party;

   c.    has been placed beyond the jurisdiction of the Court;

   d.    has been substantially diminished in value; or

   e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of such property pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 28, United States Code, Section 2461(c).

A TRUE BILL:

ORIGINAL SIGNATURE ON FILE
_____
FOREPERSON OF THE GRAND JURY

Kenneth Magidson
United States Attorney

By: _____
JOHN R. LEWIS
Assistant United States Attorney

4